UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMON ARTURO SIERRA, #393649,

        Petitioner,

                                CASE NO. 2:09-CV-14433
v.                                   HONORABLE ANNA DIGGS TAYLOR

BLAINE LAFLER,

        Respondent.
                                    /

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**
(This Order Resolves Docket Entry 6)

**I. Introduction**

Michigan prisoner Simon Arturo Sierra ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. Respondent has filed motion for summary judgment (d/e 6) asserting that the habeas petition should be dismissed as untimely. For the reasons stated herein, the Court grants Respondent's motion and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability and denies Petitioner leave to proceed *in forma pauperis* on appeal.

**II. Facts and Procedural History**

Petitioner pleaded guilty to first-degree criminal sexual conduct (person under age 13), Mich. Comp. Laws § 750.520b(1)(a), in the Wayne County Circuit Court on August 17, 2005 and was sentenced to 14 to 25 years imprisonment on September 6, 2005. Petitioner, through appointed

1

appellate counsel, filed a motion to withdraw his plea on September 6, 2006. The motion was untimely. *See* Mich. Ct. R. 6.310(C)(providing a six-month time limit for filing such motions). Appellate counsel moved to withdraw on October 3, 2006 and the court appointed substitute counsel on October 5, 2006. On April 6, 2007, Petitioner, through substitute counsel, filed a motion for relief from judgment with the trial court, which was denied on July 24, 2007. *See* Wayne Co. Dkt. Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied for failure "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Sierra*, No. 279899 (Mich. Ct. App. Dec. 10, 2007) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *See People v. Sierra*, 482 Mich. 891, 753 N.W.2d 154 (July 29, 2008).

Petitioner dated his habeas petition on October 27, 2009. He raises claims concerning the effectiveness of appellate counsel. Respondent moved for summary judgment on May 19, 2010 asserting that the petition should be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions. Petitioner has not filed a reply to that motion.

### III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's conviction became final after the AEDPA's April 24, 1996 effective date. Petitioner was sentenced on September 6, 2005. He then had one year in which to seek leave to appeal in the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(F)(3). He did not do so. His conviction thus became final on September 6, 2006. He was therefore required to file his federal habeas petition by September 6, 2007, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the trial court on April 6, 2007.[1] At that point, approximately seven months of the one-year period had expired. Petitioner's motion remained pending in the state courts until July 29, 2008 when the Michigan Supreme Court denied leave to appeal. Petitioner then had about five months, until approximately December 29, 2008, to file his federal habeas petition. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner did not date the instant petition until October 27, 2009 – well after the one-year period had expired.

Petitioner does not assert that the State created an impediment to filing his habeas petition or that his claims are based upon newly-discovered evidence or newly-created rights which would warrant habeas relief. His habeas action is thus untimely under the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Supreme Court has recently confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, _ U.S. _, _, S. Ct. _, 2010 WL 2346549, *9 (June 14, 2010). The Supreme Court further verified that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 12 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the United States Court

---

[1] Petitioner's September, 2006 motion to withdraw his plea did not toll the one-year period as it was untimely and not "properly filed." *See Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (ruling that an application is properly filed when its "delivery and acceptance are in compliance with the application laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee"); *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001)

of Appeals for the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of that test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008; *see also Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner sets forth no circumstances which caused him to institute his habeas action after the expiration of the one-year period. The failure of his initial appellate counsel to timely pursue a direct appeal in the state courts, while troubling, simply did not preclude Petitioner from pursuing state post-conviction relief or federal habeas relief in a timely fashion. To be sure, Petitioner waited more than one year after the Michigan Supreme Court denied leave to appeal on his motion for relief from judgment to file the instant habeas petition. The fact that Petitioner is untrained in the law, is proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify

5

tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner has not shown that he is entitled to equitable tolling under *Dunlap.*

The Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Significantly, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner makes no such showing. He is thus not entitled to equitable tolling of the one-year limitations period.

## IV. Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his federal habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d), that he has not demonstrated entitlement to statutory or equitable tolling, and that the statute of limitations precludes review of his claims. Accordingly, the Court **GRANTS** Respondent's motion and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court finds that jurists of reason would not find the Court's procedural ruling that the petition is untimely debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal because such an appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

DATED: July 30, 2010

**s/Anna Diggs Taylor**
ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on July 30, 2010.

Simon Sierra, # 393649
Michigan Reformatory
1342 West Main Street
Ionia, MI 48846

s/Johnetta M. Curry-Williams
Case Manager